STEVEN R. BANGERTER (Utah Bar No. 10051)
WILLIAM E. FRAZIER (Utah Bar No. 11447)
DANIEL P. WILDE (Utah Bar No. 11800)
Bangerter Sheppard, PC
720 South River Road, Suite A-200
St. George, UT 84790
Telephone: (435) 628-7004
Facsimile: (435) 673-1964

Attorneys for Counterclaim Defendant,
PROPERTY MANAGEMENT SYSTEMS, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ANDREW WEEKS,<br><br>Plaintiff,<br><br>vs.<br><br>DIAMOND RANCH ACADEMY, INC.,<br><br>Defendant. | **DIAMOND RANCH ACADEMY, INC.'S ANSWER TO ANDREW WEEKS' COMPLAINT**<br><br>Civil No.: 2:11-CV-00296-DN |

COMES NOW, Defendant, DIAMOND RANCH ACADEMY, INC. (hereinafter "DRA"), by and through its attorneys of record, Steven R. Bangerter of Bangerter Sheppard, PC, and hereby answers the Complaint of ANDREW WEEKS (hereinafter "Weeks") as follows:

### ANSWER TO PARTIES, JURISDICTION AND VENUE

1.  Deny for lack of sufficient knowledge or information as to Weeks' allegation that he is "a resident of the State of California"; admit as to the remainder.

2. Admit.

3. Admit.

4. Admit.

5. Admit.

6. Affirmatively allege that the cited statute speaks for itself, and deny the allegations insofar as they conflict with, or mischaracterize the statue and underlying factual allegations supporting Plaintiff's allegations that this action "arises under the FMLA."

7. Affirmatively allege that the cited statute speaks for itself, and deny the allegations insofar as they conflict with, or mischaracterize the statute.

8. Admit.

## ANSWER TO FACTUAL BACKGROUND

9. Deny for lack of sufficient knowledge or information.

10. Admit.

11. Deny.

12. Deny.

13. Deny Weeks worked as a "Youth Development Supervisor", admit the remainder.

14. Admit that "as an Assistant Program Director Designee, Weeks had greater responsibilities," deny as to the remainder.

15. Admit.

16. Admit.

17. Deny that "because of his excellent performance, Weeks received a raise from Executive Director Sherri Dias"; admit that Weeks received a raise to $40,000 per year with full benefits.

18. Deny.

19. Deny for lack of sufficient knowledge or information.

20. Deny.

21. Deny Weeks' allegations that he "remained in significant physical pain following his work injury", for lack of sufficient knowledge or information; deny as to the remainder.

22. Deny for lack of sufficient knowledge or information.

23. Deny.

24. Deny.

25. Deny as to "Weeks' recovery from surgery…was approximately four weeks"; admit as to the remainder.

26. Admit.

27. Admit.

28. Deny that Weeks' physician "had not been eliminated"; deny the "title of his position had changed"; admit as to the remainder.

29. Deny that "prior to terminating Weeks, Hanks stated that DRA had nothing for Weeks"; admit as to the remainder.

30. Admit that "DRA did not offer to restore Weeks to his former position"; deny as to the remainder.

    31.    Admit

## ANSWER TO FIRST CAUSE OF ACTION

**(Alleged Wrongful Termination in Violation of a Clear and Substantial Public Policy)**

    32.    As to paragraphs 1-31 above, admitted and denied as set forth therein, and incorporated herein as though fully set forth.

    33.    Admit.

    34.    Deny.

    35.    Deny for lack of sufficient knowledge or information.

    36.    Deny.

    37.    Deny that DRA terminated Weeks for attempting to exercise his right to "Workers Compensation"; and deny that Weeks was attempting to exercise his right to Workers Compensation "in furtherance of such public policy of the State of Utah."

    38.    Deny.

## ANSWER TO SECOND CAUSE OF ACTION

**(Alleged Violation of FMLA-Interference/Discrimination With FMLA Rights)**

    39.    As to paragraphs 1-38 above, admitted and denied as set forth therein, and incorporated herein as though fully set forth.

    40.    Affirmatively allege that the cited statute speaks for itself, and deny the allegations insofar as they conflict with, or mischaracterize the statute.

    41.    Affirmatively allege that the cited statute speaks for itself, and deny the allegations insofar as they conflict with, or mischaracterize the statute.

42. Affirmatively allege that the cited statute speaks for itself, and deny the allegations insofar as they conflict with, or mischaracterize the statute.

43. Affirmatively allege that the cited statute speaks for itself, and deny the allegations insofar as they conflict with, or mischaracterize the statute.

44. Affirmatively allege that the cited statute speaks for itself, and deny the allegations insofar as they conflict with, or mischaracterize the statute.

45. Admit.

46. Deny.

47. Deny.

48. Deny.

49. Deny.

50. Deny.

## AFFRIMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's Complaint is barred based on the doctrine of Promissory Estoppel.

3. Plaintiff's Complaint is barred based on the doctrine of Waiver.

4. Plaintiff's Complaint is barred based on the doctrine of Laches.

5. Plaintiff's Complaint is barred based on the doctrine of Unjust Enrichment.

6. Plaintiff's damages, if any, are the result of conduct of individuals not within this answering Defendant's control.

7. Plaintiff has failed to mitigate his damages; therefore, this answering Defendant should not be liable for any portion of damages that were caused by Plaintiff's failure to mitigate.

8. Plaintiff's Complaint is barred by the doctrine of Acquiescence and Ratification.

9. Plaintiff's claims are barred by the doctrine of Unclean Hands.

10. Plaintiff's claims are barred as Defendant complied with all state and federal statutes, public policy and law.

11. Pursuant to URCP Rule 11, as amended, all possible affirmative defenses may not have been alleged herein, insofar as sufficient facts were unavailable after reasonable inquiry upon the filing of Defendant's Answer; therefore, Defendant reserves the right to amend its Answer to allege additional affirmative defenses if subsequent investigation warrants.

**WHEREFORE, DEFENDANT PRAYS FOR JUDGMENT AGAINST PLAINTIFF IN FAVOR OF DEFENDANT AS FOLLOWS:**

1. That Plaintiff take nothing by way of damages against Defendant;
2. That Defendant be awarded reasonable attorneys fees and costs; and
3. For such other and further relief that the court deems just and proper.

DATED this 26th day of May, 2011

BANGERTER SHEPPARD, PC

/s/
Steven R. Bangerter
Attorneys for Defendant,
DIAMOND RANCH ACADEMY

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing DIAMOND RANCH ACADEMY, INC.'S ANSWER TO ANDREW WEEKS' COMPLAINT was delivered via electronic court filing (ecf) on May 26th, 2011 to the following:

Andrew W. Stavros, Esq.
STAVROS LAW, P.C.
2150 South 1300 East, Ste. 500)
Salt Lake City, UT 54106

                                    /s/
                            Kara Ward